**Electronically Filed
Intermediate Court of Appeals
30591
30-APR-2012
10:39 AM**

NO. 30591

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


AS, Plaintiff-Appellant,
v.
WS, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(FC-D NO. 04-1-0002)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)

In this divorce case, the Family Court of the Fifth Circuit (Family Court) entered a "Decree Granting Divorce and Awarding Child Custody" (Divorce Decree) on September 4, 2009. The Divorce Decree dissolved the marriage between Plaintiff-Appellant AS (Wife) and Defendant-Appellee WS (Husband); determined child custody, visitation, and support; determined spousal support; and divided and distributed the parties' property and debts. On November 13, 2009, Wife filed a "Motion to Vacate Decree Granting Divorce and Awarding Child Custody" (Motion to Vacate), pursuant to Hawai'i Family Court Rules (HFCR) Rule 60(b) (2006). The Family Court denied the Motion to Vacate and set forth its decision, along with supporting findings of fact and conclusions of law, in a consolidated June 4, 2010, "Order Granting in Part and Denying in Part Defendant's Motions

and Denying Plaintiff's Motion" (June 4, 2010, Order).[1] Wife appeals from the June 4, 2010, Order.

On appeal, Wife argues that the Family Court erred in denying her Motion to Vacate because: (1) "the [Divorce] Decree was procured by fraud, misrepresentation or other misconduct by Husband [and] Wife's reliance on Husband[']s misrepresentations constituted mistake, inadvertence, surprise, or excusable neglect[,]" which entitled her to relief pursuant to HFCR Rule 60(b)(1) and (b)(3); (2) the Divorce Decree is void, entitling her to relief pursuant to HFCR Rule 60(b)(4); and (3) the Divorce Decree is unconscionable, entitling her to relief pursuant to HFCR Rule 60(b)(6). We affirm.

I.

Husband and Wife were married in January 1992. Husband brought substantial assets into the marriage, including real properties and his contracting equipment and cattle businesses. Husband and Wife separated on November 11, 2003, and Wife filed for divorce on January 8, 2004. Wife was initially represented by counsel, but stipulated to the withdrawal of her counsel on December 26, 2006, and proceeded pro se until she obtained counsel for the Motion to Vacate, which was filed on November 13, 2009. While her divorce complaint was pending, Wife entered into stipulations with Husband, including stipulations for disbursement of martial funds and for the transfer of property to Husband or his trust in exchange for "substantial monies" received by Wife. Wife also acknowledged receiving money from Husband as advances to be deducted from her interest in the marital estate.

On February 10, 2009, Husband filed a cross-complaint for divorce. On May 18, 2009, Husband filed a "Motion to Set" along with a "Position Statement," which set forth his position regarding child custody, child and spousal support, and the division of the marital estate. In his Position Statement,

---

[1] The Honorable Max Graham, Jr., presided.

Husband, among other things, requested: (1) marriage partnership credits for the substantial estate which he brought into the marriage and for the indebtedness Wife brought to the marriage; (2) marriage partnership credits for Wife's wasting of assets through excessive spending, which he claimed included significant gambling losses, since the parties' separation; (3) enforcement of all stipulations and agreements entered into by Wife regarding the distribution of the marital estate, including Wife's stipulation to transfer certain real property to Husband or his trust; (4) title to all other marital real property not covered by Wife's stipulation; (5) the award to Husband of his contracting equipment and cattle businesses; and (6) equalization payments from Wife. Husband served his Motion to Set and Position Statement on Wife.

Wife did not file a pretrial position statement or attend the hearing on the Motion to Set. The Family Court set the divorce trial for September 3, 2009. Despite being served with notice of the trial date, Wife did not appear for trial.

On September 4, 2009, the Family Court issued the Divorce Decree, which in large part divided and distributed the parties' property in accordance with Husband's requests in his Position Statement. On September 9, 2009, Husband sent a certified copy of the Divorce Decree to Wife by certified mail, which was returned unopened. On September 24, 2009, Husband sent a filed copy of the Divorce Decree to Wife by regular mail. Wife acknowledged receiving a copy of the Divorce Decree in the mail on September 25, 2009, and she contacted an attorney in late September 2009. Wife did not appeal from the Divorce Decree.

On November 13, 2009, Wife filed her Motion to Vacate. The Circuit Court denied Wife's Motion to Vacate and issued the June 4, 2010, Order. This appeal followed.

II.

On appeal, Wife contends that the Family Court erred in denying Wife's Motion to Vacate, which sought to set aside the Divorce Decree, pursuant to HFCR Rule 60(b)(1), (b)(3), (b)(4),

3

and (b)(6). HFCR Rule 60(b) provides in relevant part:

> **(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from any or all of the provisions of a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment.

We will not disturb the Family Court's denial of an HFCR Rule 60(b) motion absent an abuse of discretion. De Mello v. De Mello, 3 Haw. App. 165, 169, 646 P.2d 409, 412 (1982).

We resolve Wife's arguments on appeal as follows:

A.

Wife asserts that Husband procured the Divorce Decree through fraud, misrepresentation, and other misconduct and that Wife's reliance on Husband's misrepresentations constituted mistake, inadvertence, surprise, or excusable neglect. She contends that the Family Court erred in failing to grant her Motion to Vacate pursuant to HFCR Rule 60(b)(1) and (b)(3). We disagree.

A moving party requesting relief under HFCR Rule 60(b)(3) must "(1) prove by clear and convincing evidence that the [decree] was obtained through fraud, misrepresentation, or other misconduct, and (2) establish that the conduct complained of prevented the losing party from fully and fairly presenting [her] case or defense." See Kawamata Farms, Inc. v. United Agri Products, 86 Hawai'i 214, 252, 948 P.2d 1055, 1093 (1997) (internal quotation marks, citations, and brackets omitted).[2] With respect to relief under HFCR Rule 60(b)(1), the moving party

---

[2] The court in Kawamata Farms addressed Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b)(3) and relied upon cases construing Federal Rules of Civil Procedure (FRCP) Rule 60(b)(3). See Kawamata Farms 86 Hawai'i at 252, 948 P.2d at 1093. HFCR 60(b) is substantially similar to HRCP Rule 60(b) and FRCP Rule 60(b). Therefore, cases and treatises interpreting HRCP Rule 60(b) and FRCP Rule 60(b) are persuasive in interpreting HFCR Rule 60(b). Wagner v. World Botanical Gardens, Inc., 126 Hawai'i 190, 194 n.3, 268 P.3d 443, 447 n.3 (App. 2011).

"must make some showing of why [she] was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough." Joaquin v. Joaquin, 5 Haw. App. 435, 443, 698 P.2d 298, 304 (1985)(internal quotation marks and citation omitted).

In support of her Motion to Vacate, Wife filed a declaration asserting that Husband, through false and fraudulent promises and assurances, "led [her] to believe that he would give [her] a fair settlement in the divorce and that [she] could trust him to take care of 'the details.'" Wife asserted that as a result, she discharged her attorney and did not attend the divorce trial. In response, Husband filed his own declaration denying Wife's allegations that he had engaged in fraud, misrepresentations, or misconduct that lulled her into discharging her attorney or failing to appear for the trial, and instead asserting that Wife was familiar with the judicial system, that Wife had become a "chronic gambler" and had "lost well in excess of $584,000" since their separation, and that "Wife did not participate in these proceedings because she knew that she had overspent her entitlement, not because of anything I said."

In denying Wife's Motion to Vacate, the Family Court concluded that given the parties' conflicting statements and Wife's failure to provide any other evidence to support her allegations, Wife had "failed to show by clear and convincing evidence that her failure to appear at the Divorce Trial was the product of any fraud, misrepresentation or other misconduct [by] Husband[.]" The Family Court ruled that Wife had failed to demonstrate her entitlement to relief under HFCR Rule 60(b)(3). The Family Court also concluded that once Wife was served with Husband's Position Statement, she could not have reasonably relied on any contrary statement Husband may have previously made concerning the division of their property and that she failed to show by a preponderance of the evidence that she was entitled to relief under HFCR Rule 60(b)(1) based on mistake, inadvertence, surprise, or excusable neglect.

5

The Family Court's conclusions, which denied relief to Wife under HFCR Rule 60(b)(1) and (b)(3), are supported by the record and were well within the Family Court's discretion in light of the evidence presented. See Schefke v. Reliable Collection Agency, Ltd., 96 Hawai'i 408, 430-32, 32 P.3d 52, 74-76 (2001); Joaquin, 5 Haw. App. at 443, 689 P.2d at 304. We cannot say that it was an abuse of discretion for the Family Court to deny Wife relief under HFCR Rule 60(b)(1) and (b)(3). See De Mello, 3 Haw. App. at 169, 646 P.2d at 412.

B.

Wife argues that the Family Court erred in denying her relief pursuant to HFCR Rule 60(b)(4) because she claims the Divorce Decree was void. "[A] judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." In re Hana Ranch Co., 3 Haw. App. 141, 146, 642 P.2d 938, 941 (1982). Wife acknowledges that the Family Court had jurisdiction over the parties and the subject matter. Nevertheless, she contends that the Family Court's significant failure to follow a partnership model property division or make findings justifying a deviation from that model rendered the Divorce Decree void as violative of due process. We conclude that Wife's claim under HFCR Rule 60(b)(4) is without merit.

The record indicates that the Family Court considered and applied partnership model principles in dividing the parties' property. The requested property division set forth in Husband's Position Statement, which the Family Court substantially adopted in the Divorce Decree, relied upon partnership model principles, and the Family Court's findings of fact and conclusions of law in the June 4, 2010, Order, reveal that the Family Court applied partnership model principles in dividing the property. Wife did not establish the basic premise of her argument, which is that the Family Court failed to follow partnership model principles in dividing the parties' property.

6

The Family Court's property division might have been more favorable to Wife if she had contested Husband's Position Statement or submitted evidence contradicting the evidence presented by Husband at trial. However, Wife did not file her own pretrial position statement and did not appear or present evidence at the divorce trial, despite having the opportunity to do so. Wife has failed to demonstrate that her due process rights were violated or that the Divorce Decree was void. See In re Hana Ranch, 3 Haw. App. at 146-47, 642 P.2d at 941-42; Dillingham Inv. Corp. v. Kunio Yokoyama Trust, 8 Haw. App. 226, 233, 797 P.2d 1316, 1320 (1990) (concluding in the context of a HRCP Rule 60(b)(4) motion that "the concept of [a] void judgment must be narrowly restricted" in order to protect the court's interest in the finality of its judgments (internal quotation marks and citation omitted)); see also Isemoto Contracting Co. v. Andrade, 1 Haw. App. 202, 206, 616 P.2d 1022, 1026 (1980) ("The principles of judicial economy and judicial finality operate as constraining influences upon the generosity of the courts in declaring judgments void.").

C.

We reject Wife's contention that the Family Court erred in denying her relief pursuant to HFCR Rule 60(b)(6) based on her claim that the Divorce Decree was unconscionable. In denying Wife's Motion to Vacate, the Family Court concluded in relevant part:

> 15. Based on the evidence presented by Husband at the Divorce Trial concerning the values of the Real Property, the prior funds distributed pursuant to the Stipulations, Wife's waiver of her rights to the Stipulated Real Property, the marriage partnership credits due to Husband, the wasting of marriage assets by Wife through her gambling, Husband's payments of Wife's gambling debts, and Husband's distribution of funds to Wife prior to the Divorce Trial, Husband made a *prima facie* case that the Divorce Decree was fair and equitable.
>
> 16. It was the duty of Wife to attend the trial and object to and/or offer evidence and arguments in opposition to Husband's proposed award of the Real Property and other assets as set forth in the Divorce Decree.

17.    Wife has failed to show by a preponderance of the evidence that there are facts or other reasons supporting her claim that . . . she should be relieved from the operation of the Divorce Decree pursuant to HFCR Rule 60(b). . . (6).

The Family Court's conclusions were based on factual findings that were supported by substantial evidence in the record. We conclude that the Family Court did not abuse its discretion in denying relief to Wife under HFCR Rule 60(b)(6). See In re Hana Ranch, 3 Haw. App. at 147, 642 P.2d at 942; Hayashi, 4 Haw. App. at 290-91, 666 P.2d at 174-75.

III.

The June 4, 2010, Order of the Family Court is affirmed.

DATED: Honolulu, Hawai'i, April 30, 2012.

On the briefs:

Charles A. Foster, Esq.
for Plaintiff-Appellant

Kurt Bosshard, Esq.
for Defendnat-Appellee

*Craig H. Nakamura*
Chief Judge

*[signature]*
Associate Judge

*[signature]*
Associate Judge